```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

ANA RIVERA, as the Administrator of :
the Estate of ANGEL RODRIGUEZ,
deceased, ANGEL MASON RODRIGUEZ,    :
an infant by his mother and legal
custodian and guardian ANA RIVERA,  :   07 Civ. 2672 (LMM)
and XAVIER RODRIGUEZ, an infant by
his mother and legal custodian and  :   FINDINGS OF FACT,
guardian ANA RIVERA,                    CONCLUSIONS OF
                                    :   LAW, AND ORDER
              Plaintiffs,
                                    :
        - against -
                                    :
THE UNITED STATES OF AMERICA and
JASON AARON ROBERTS,                :

              Defendants.           :

-----------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/08

McKENNA, D.J.,

1.

In this action, plaintiff Ana Rivera, as administratrix of the estate of Angel Rodriguez, asserts claims for the wrongful death of Angel Rodriguez, on behalf of herself and of Angel Mason Rodriguez and Xavier Rodriguez, the minor children of plaintiff Ana Rivera and the decedent Angel Rodriguez. The claims arose out of the collision, on October 4, 2005, between an automobile owned by the United States Army driven by then Corporal Jason Roberts of the United States Army within the scope of his employment, and a bicycle ridden by Angel Rodriguez, in the intersection of Hunts Point Avenue and Bruckner Boulevard westbound in Bronx County, New York. Angel Rodriguez died as a result of the collision.



DEC 1 6 2008

The Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). Under that statute, the district courts have

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id.

The case was tried to the Court, without a jury, on December 1, 2, 3 and 4, 2008.

**2.**

The plaintiff, Ms. Rivera, her decedent, Mr. Rodriguez, and their children, and Corporal Roberts, resided in New York at the time of the collision, which took place in New York. It is not disputed that New York law applies.

**3.**

Under New York's Estates, Powers and Trust Law ("EPTL"), "only statutorily qualified distributees are entitled to the proceeds of a wrongful death action or settlement." Mahonski v. State, 760 N.Y.S.2d 629, 633 (Ct. Claims 2003). See EPTL §§ 5-4.1(1) & 5-4.3(a). Plaintiff was not married to her decedent (and "a common-law marriage may not arise in New York," Black v. Moody, 714 N.Y.S.2d 30, 31 (App. Div. 1st Dep't 2000)); she is not

a distributee of her decedent. See EPTL § 4-1.1 (identifying distributees). Accordingly, plaintiffs' claim on behalf of herself must be dismissed as a matter of law.

**4.**

"To succeed on a cause of action to recover damages for wrongful death, the decedent's personal representative must establish, inter alia, that the defendant's wrongful act, neglect, or default caused the decedent's death." Eberts v. Makarczuk, 861 N.Y.S.2d 731, 732 (App. Div. 2d Dep't 2008) (citation omitted). Here, plaintiff claims that Corporal Roberts was negligent. "In order to prevail at trial in a negligence case, a plaintiff must establish by a preponderance of the evidence that the defendant's negligence was a proximate cause of plaintiff's [here, plaintiff's decedent's] injuries." Burgos v. Aqueduct Realty Corp., 92 N.Y.2d 544, 550 (1998). See also Pironti v. Leary, 840 N.Y.S.2d 98, 100 (App. Div. 2d Dep't 2007) ("To establish a prima facie case of negligence, a plaintiff must show that a defendant's negligence was a substantial cause of the events which produced the injury." (Citations omitted.))

"Negligence involves the failure to exercise the degree of care that a reasonably prudent person would exercise in the same situation." Bello v. Transit Authority of New York City, 783 N.Y.S.2d 648, 649 (App. Div. 2d Dep't 2004) (citations omitted). A plaintiff must show that "a probable risk of harm was reasonably

forseeable from this failure [to exercise care]." <u>Ohdam v. City of New York</u>, 706 N.Y.S.2d 419, 421 (App. Div. 1st Dep't 2000) (citation omitted).

> In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road. A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself in a dangerous position. Each is required to obey the statutes governing traffic and is entitled to assume that the other also will do so.

<u>Palma v. Sherman</u> 867 N.Y.S.2d 111, 112 (App. Div. 2d Dep't 2008) (citations omitted).

**5.**

The collision took place at about 9:30 P.M. on October 4, 2005; it was dark and not raining. There was some street lighting. Corporal Roberts, in the Army vehicle, was proceeding west in the middle lane of three (including a bus lane) of the northern portion of Bruckner Boulevard westbound (which is divided).[1] Mr. Rodriguez was proceeding north on Hunts Point Avenue. Corporal Roberts was proceeding at about 25 to 30 miles per hour (within the speed limit); Mr. Rodriguez was proceeding at about 7 to 10 miles per hour. Neither Corporal Roberts nor Mr. Rodriguez was under the

---

[1] The relevant roads are indicated on Government Exhibit G, which includes compass points. Exhibit G is to scale.

influence of alcohol or any other substance that might impair his ability to proceed safely. The Army vehicle's lights were on and its radio off. Corporal Roberts was not talking on a cell phone or smoking. Signage on a chain link fence on the divider between the divided northern and southern portions of Bruckner Boulevard westbound close to the intersection with Hunts Point Avenue northbound will have impeded to a degree, but not completely, lines of sight between vehicles or bicycles proceeding north on Hunts Point Avenue northbound and the middle lane of the northernmost portion of Bruckner Boulevard westbound. (<u>See</u> Plaintiff's Exhibits 20 (first picture), 30 (first picture), & 31.)

Corporal Roberts in the Army vehicle approached the intersection of Bruckner Boulevard westbound and Hunts Point Avenue with a green light in his favor, and proceeded into the intersection with the green light still in his favor. He then heard a whistle (like a policeman's whistle) and in a second or less saw Mr. Rodriguez on the bicycle in front of him and had no time to sound his horn, swerve or brake before the Army vehicle hit Mr. Rodriguez who was on the bicycle.

Plaintiff has not sustained the burden of proving by a preponderance of the evidence that Corporal Roberts was negligent in the operation of the Army vehicle. The sound of the whistle played no part in causing the collision, by, for instance, delaying a swerve or braking by Corporal Roberts that would otherwise have

prevented the collision: the whistle and the impact occurred much too closely in time.

The Clerk is directed to enter judgment dismissing the complaint.[2]

Dated: December 16, 2008

SO ORDERED.

*Lawrence M. McKenna*
U.S.D.J.

---

[2] The government may wish (and is encouraged) to forego seeking costs in view of the financial situation of plaintiff and her dependent children.